**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110993

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Wayne Dykes, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MRS BPO, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Wayne Dykes, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MRS BPO, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Wayne Dykes is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant MRS BPO, LLC, is a New Jersey Limited Liability Company with a principal place of business in Camden County, New Jersey.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. The debt was incurred on a credit card issued by Chase Bank USA N.A.

14. At all relevant times herein, Plaintiff's debt accrued, and was subject to, interest.

15. At all relevant times herein, Plaintiff's debt accrued, and was subject to, late fees.

16. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated May 2, 2016. (**Exhibit 1.**)

18. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

21. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

22. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

inaccurate.

23. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

24. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

25. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

26. The letter sets forth a "Account Balance."

27. The letter also includes a settlement offer.

28. The letter fails to disclose whether the "Account Balance" may increase due to additional interest.

29. The letter fails to disclose whether the "Account Balance" may increase due to additional late fees.

30. The letter fails to disclose whether the "Account Balance" may increase due to additional interest if the settlement is not accepted.

31. The letter fails to disclose whether the "Account Balance" may increase due to additional late fees if the settlement is not accepted.

32. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

33. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

34. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

35. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the value of Defendant's settlement offer because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static, if the settlement was not accepted.

36. The letter, because of the aforementioned failures, could be read by the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer to mean that the "Account Balance" was static.

37. The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Account Balance" was dynamic due to the continued accumulation of interest and/or late fees.

38. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

39. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

40. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

41. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful form letter herein, from one year before the date of this Complaint to the present.

42. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

43. Defendant regularly engages in debt collection, using the same unlawful letter described herein, in its attempts to collect delinquent consumer debts from other persons.

44. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

45. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

46. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their

4

interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

47. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and appoint Plaintiff as Class Representatives of the Class, and his attorneys as Class Counsel; and

    b. Find that Defendant's actions violate the FDCPA; and

    c. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    d. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's costs; together with

    f. Such other relief that the Court determines is just and proper.

DATED: April 2, 2017

          **BARSHAY SANDERS, PLLC**

          By: _/s/ *Craig B. Sanders*_____
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 110993

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6